UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRITTANY HYDER,

    *Plaintiff,*　　　　　　　　　　　　　CASE NO. 18-CV-11093

v.　　　　　　　　　　　　　　　　　　　DISTRICT JUDGE THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE PATRICIA MORRIS
MATTHEW LACOUNT, and
MICHIGAN RECOVERY SERVICES, INC.,

    *Defendant*s.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO AMEND (Doc. 16) AND
DEFENDANTS' MOTION TO DISMISS (Doc. 10)**

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion to Amend (Doc. 16) be **DENIED** and that Defendants' motion to dismiss (Doc. 10) be **GRANTED** and that the case be **DISMISSED**.

**II.   REPORT**

    **A.   Introduction**

This action was filed on April 5, 2018. (Doc. 1.) The Complaint centers around Defendants' attempts at repossession of Plaintiff's 2009 Pontiac G8 vehicle. The first amended complaint alleges the following claims: (1) violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6); (2) violation of the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.252; and (3) defamation. (Doc. 7.) The case was referred by United States

District Judge Thomas L. Ludington to the undersigned magistrate judge for general case management on April 9, 2018. (Doc. 4.)

Defendants filed the instant motion to dismiss on May 22, 2018 (Doc. 10,) Plaintiff responded (Doc. 12,) and Defendants replied. (Doc. 13.) Plaintiff filed the instant motion to amend on July 3, 2018 (Doc. 16,) and Defendants responded. (Doc, 17.) Therefore, the motions are ready for Report and Recommendation.

**B.  Plaintiff's Complaints**

Plaintiff's First Amended Complaint alleges that Plaintiff purchased a 2009 Pontiac G8 from Grand Blanc Nissan in January of 2016. (Doc. 7, ¶19.) Plaintiff admits to having defaulted on her loan. (Doc. 7, ¶19.) Plaintiff alleges that "[Michigan Recovery Services, Inc.] MRS employee and agent, LaCount, attempted to locate the vehicle in an effort to effectuate the repossession" and that "[i]n connection with Mr. LaCount's location attempts, he utilized social media, (Facebook)...specifically notified third-parties that Plaintiff allegedly owed a debt, causing Plaintiff substantial embarrassment, emotional distress and humiliation." (Doc. 7, ¶¶21-23.) Plaintiff notes that the Federal Trade Commission (FTC) has warned debt collectors not to use social media, like Facebook, because under the FDCPA, it is illegal to reveal the existence of a debt to a third party. (Doc. 7 at ¶¶26-27.)

In the proposed second amended complaint, Plaintiff also avers that Defendants used "skip tracing" and "harassed Plaintiff by directly contacting her boyfriend and her sister." (Doc. 16 at ¶¶25-25.) Plaintiff adds that "LaCount also harassed Plaintiff by threatening criminal prosecution" and that LaCount "never located the vehicle and Defendants had no present intention to take possession of the vehicle" and that "Plaintiff never saw Defendants attempt to repossess her

2

vehicle" nor did Plaintiff ever meet with "Mr. LaCount or any other employee of MRS." (Doc. 16 at ¶¶27-29.)

### C. Motion Standards

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and

3

another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Indus.–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the

4

contours and details of the plaintiff's [second amended] complaint, and added nothing new," did not convert the motion to dismiss into a motion for summary judgment).

  D.  **Analysis & Conclusions**

  1.  **FDCPA under the current and proposed second amended complaint**

Plaintiff avers a violation of the FDCPA, 15 U.S.C. § 1692e and 1692f. The FDCPA provides that

> 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another . . . which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6). "[E]xcept for purposes of §1692f(6), an enforcer of a security interest, such as a repossession agency, does not meet the statutory definition of a debt collector under the FDCPA." *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003)(affirming dismissal where plaintiff did not allege a violation of §1692f(6) and only "conclusorily" stated defendant was a debt collector but admitted that defendant was "simply acting as a repossession agency when it seized his mother's BMW"). In the instant case, there is no allegation to discount Defendant MRS's representation that its principal business is repossession rather than monetary debt collection and Plaintiff provides no more than a conclusory allegation that Defendant is a debt collector in either her first amended complaint or second proposed amended complaint. (Docs. 7, 16-1.)

Therefore, the only section that applies to Defendants, as repossession agents, is §1692f(6). It provides that a violation occurs by "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if - - (A) there is no present right to

5

possession of the property claimed as collateral through an enforceable security interest; (b) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

Accordingly, the salient question is whether Plaintiff has stated a claim under §1692(f)(6). In the first amended complaint, Plaintiff does not aver any factual allegations that would fall under §1692(f)(6). Therefore, the motion to dismiss should be granted as to the current operative complaint.

In her proposed second amended complaint, Plaintiff adds that LaCount "never located the vehicle and Defendants had no present intention to take possession of the vehicle" and that "Plaintiff never saw Defendants attempt to repossess her vehicle" nor did Plaintiff ever meet with "Mr. LaCount or any other employee of MRS." (Doc. 16, ¶¶27-29.) Plaintiff also references these facts to support her claim under §1692(f)(6). (Doc. 16 at PageID.130.) The court must now decide whether these allegations are sufficient to render amendment non-futile such that it could survive the pending motion to dismiss.

When a party wishes to amend a pleading after the opposing party's responsive pleading has been served, it may only do so by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). When a motion for leave to amend is before the court, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id*. "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality," *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), because, despite the Rule's liberality, leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision to grant

or deny a motion to amend is left to the sound discretion of the district court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

When determining whether to grant leave to amend, the court is to consider several factors:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). Courts may also consider whether the matters contained in the proposed amended complaint are unrelated to claims in the original complaint. *Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001).

In the instant case, I suggest that amendment would be futile since Plaintiff's proposed new allegation is conclusory and contradicted by other averments. Plaintiff's proposed second amended complaint references §1692(f)(6), and more specifically, adds the new allegation that Defendants did not have a present intention to take possession of her vehicle (Doc. 16 at PageID.130) because LaCount "never located the vehicle and Defendants had no present intention to take possession of the vehicle" and that "Plaintiff never saw Defendants attempt to repossess her vehicle" nor did Plaintiff ever meet with "Mr. LaCount or any other employee of MRS." (Doc. 16-1, ¶¶27-29.) However, Plaintiff also avers, in the proposed second amended complaint, that the creditor "hired Defendant MRS to repossess the vehicle in 2018" and that Defendants "attempted to locate the vehicle in an effort to effectuate the repossession." (Doc. 16-1, ¶22-23.) I suggest that a mere recitation of the standard under §1692(f)(6), i.e., that

Defendants did not have a present intention to take possession of her vehicle is insufficient. Just as actual repossession is not a prerequisite to liability under §1692(f)(6)(A) or (C), nor does a failure to repossess show a lack of present intention to take possession under §1692(f)(6)(B). *Compare, Williams v. Republic Recovery Services, Inc.*, No. 09 C 6554, 2010 WL 2195519, at *3 (N.D. Ill. May 27, 2010)("case law does not support RRS's argument that actual repossession is a prerequisite for liability under §1692(f)") Where Plaintiff also alleges conduct that is inconsistent with the conclusory recitation, i.e., that Defendants were attempting to locate and repossess the vehicle, the conclusory allegation is overcome by the specific allegations in the pleading. (Doc. 16-1, ¶22-23.) I thus find that amendment would be futile. Accordingly, I recommend that Plaintiff's motion to amend her complaint should be denied.

   **2.    State law claims**

The first amended complaint also alleged state law claims under the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.252; and for defamation. (Doc. 7.) The proposed second amended complaint alleged a state law claim under the Michigan Occupational Code, MCL 339.901(f).

When a court properly retains original jurisdiction over a civil action, it "shall have supplemental jurisdiction over all other claims . . . so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts may, however, "decline to exercise supplemental jurisdiction" over a claim if: (1) it "raises a novel or complex issue of State law"; (2) it "substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) the court "has dismissed all claims over which it has original jurisdiction"; or (4)

"in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c)(1)-(4).

In enacting § 1367, Congress gave solider form to supplemental jurisdiction's progenitor, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966), which held, among other things, that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Id.* at 726. This principle retained favor in the Sixth Circuit, which routinely held that where, as here, "all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical*, 89 F.3d at 1254-55; *accord Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011). Indeed, in *Musson Theatrical*, the Sixth Circuit indicated that "a 12(b)(6) dismissal of the touchstone claims" will typically preclude "exercise of supplemental jurisdiction over any remaining claims" absent "unusual circumstances," such as anticipated prejudice in the state courts. 89 F.3d at 1255 (quoting *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 318 (6th Cir. 1987)). No such unusual circumstances exist here, and considering the early stage at which this case sits, I suggest that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

### E. Conclusion

For the reasons stated above, I suggest that Defendants' motion to dismiss should be granted and that Plaintiff's motion to amend should be denied and the case dismissed.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may

respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 9, 2018                    S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: August 9, 2018                          By <u>s/Kristen Castaneda</u>
                                                               Case Manager